FILED

1   CAROL A. SOBEL SBN 84483
    LAW OFFICE OF CAROL A. SOBER
2   429 Santa Monica Boulevard, Ste. 550
    Santa Monica, California 90401
3   t. 310 393-3055   f. 310 393-3605
    e. carolsobel@aol.com
4
    REBECCA F. THORNTON
5   LAW OFFICE OF REBECCA F. THORNTON
    429 Santa Monica Boulevard, Ste. 550
6   Santa Monica, California 90401
    t. 310 393-3055   f. 310 393-3605
7   e. rebecca@humanrightsesq.com

8

2008 FEB 21  PM 3: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. C  CALIF
LOS ANGELES

BY_____

9                UNITED STATES DISTRICT COURT
10   FOR THE CENTRAL DISTRICT OF CALIFORNIA - Western Division

CV08-01191 AHM(MANx)

11  CANGRESS, a non-profit corporation,      )  CASE NO:
    DARREN "PETE" WHITE, STEVE                )
12  RICHARDSON,                               )  COMPLAINT: CIVIL RIGHTS
                                              )
13           Plaintiffs,                      )  42 U.S.C. §1983 First Amendment
                                              )
14  v.                                        )  42 U.S.C. §1983 Fourth Amendment
                                              )
15  CITY OF LOS ANGELES, a municipal          )  Calif. Constitution: Art.I, sec.2,3 and 7
    entity, CHIEF WILLIAM BRATTON,            )
16  SGT. ZUNIGA, SGT. STIGER,                 )  California Civil Code §51.7
    OFFICER BHARADWAJA, OFFICER               )
17  HALTERMAN, OFFICER POPHAM,                )  California Civil Code §52.1
    OFFICER RIOJAS, OFFICER                   )
18  FINNEGAN, OFFICER LANDRY,                 )  Assault and Battery
    OFFICER VALENZUELA, OFFICER               )
19  SUA, OFFICER GREEN and DOES 1-            )  False Imprisonment
    10, all in their official and individual  )
20  capacities,                               )  Failure to Intervene to Prevent
                                              )  Violation of Civil Rights
21           Defendants.                      )
                                              )  **JURY TRIAL DEMANDED**
22  _____          )

23

24                    **JURISDICTION AND VENUE**

25       1.    This is an action for temporary, preliminary, and permanent injunctive

26  relief pursuant to 42 U.S.C. § 1983, as well as damages, based upon the ongoing

27  violations by the defendants of the rights secured to plaintiffs by the First, Fourth,

28  and Fourteenth Amendments of the United States Constitution. This Court has

    jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. §1331 (in that it poses a

federal question, as it arises under the Constitution of the United States); §1343(a)(3) (in that it is brought to redress deprivations, under color of state law, of rights, privileges and immunities secured by the United States Constitution); and under § 1343(a)(4) (in that it seeks to secure equitable relief under an Act of Congress providing for the protection of civil rights, specifically under 42 U.S.C. § 1983); and the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

2.      Venue is proper in the Central District of California under 28 U.S.C. 1391(b). Defendants are located in the Central District, and all of the acts and/or omissions which give rise to the claims herein occurred, or will occur, in this District.

## STATEMENT OF FACTS

3.      This case arises from the reprisals by the Los Angeles Police Department ("LAPD") against residents and individuals on Los Angeles' Skid Row. Over the past year or so, officers have repeatedly targeted members of the plaintiff Los Angeles Community Action Network ("LA CAN") as staff and volunteers have taken to the streets of Skid Row to document police conduct in public fora. Apparently believing that if they foreclose documentation of police actions, the LAPD will be able to continue its assault on Skid Row unabated, officers have threatened arrest and have in several instances arrested community activists as they brought cameras to bear on police and parole officer sweeps of low-income residents on the streets of Skid Row.

4.      The most recent arrests occurred on February 1, 2007, shortly after 9:30 a.m., as plaintiff WHITE responded to notification that a parole sweep was taking place at the St. Marks Hotel at 5th Street and Towne Avenue. WHITE left the LA CAN offices accompanied by Gerald Barnes.   WHITE began taking photographs of the LAPD patrol cars parked outside the St. Marks as he waited for

the traffic light to change to green.  In order to photograph the entire line of cars, WHITE needed to cross to the other side of 5th Street.  When the crosswalk light turned white, the pair began to cross the street, remaining in the crosswalk at all times.  After walking approximately halfway through the crosswalk, WHITE and Barnes stopped momentarily as WHITE began taking pictures of the police cars. There was very little vehicular traffic in the area at that time and no vehicles waiting to turn into the crosswalk.

5.     As soon as WHITE started taking the photos, behind him he heard someone say on a loudspeaker, "Get out of the roadway."  He turned around and noticed another LAPD squad car parked at the northeast corner.  He did not think that the officers were talking to him because WHITE and Barnes were in the crosswalk and the light was green.  When WHITE realized the officers were talking to him, he pointed to the green light and said he was not breaking the law. Nonetheless, WHITE and Barnes then returned to the northwest before the crosswalk light turned red.  When the light turned green again, WHITE and Barnes entered the crosswalk and proceeded to cross the street.  As WHITE and Barnes reached the northeast corner of 5th and Towne Streets, where the officers were sitting in their patrol car, WHITE took photos of the officers.  At that point, the officers quickly exited the patrol car and ordered WHITE against the wall.  Officer BHARADWAJA grabbed WHITE's arm, pushed him forcibly to the wall, and immediately placed him in handcuffs for a purported infraction vehicle code violation of being "in the roadway."  Only WHITE was detained and arrested and not the individual who was with him at all times in the crosswalk.

6.     Initially, four officers were involved in the detention of WHITE. These officers asked WHITE if he had identification, which he indicated he did.  The officer then reached into WHITE's pocket and removed his wallet.  Within 30 minutes, 10 officers were involved and, ultimately, approximately 15 officers were involved in the detention and arrest of WHITE and RICHARDSON.    The

3

responding officers included Sergeant ZUNIGA, who, after speaking briefly with WHITE, instructed Officer HALTERMAN to place WHITE in the back of the squad car, which he did. A few minutes later, Sergeant Stigen approached the patrol car and spoke to WHITE. WHITE was then transported to Central Station by Officers HALTERMAN and BHARADWAJA.

7.    RICHARDSON arrived at the scene approximately 15 minutes after WHITE's initial detention. Shortly before 10:00 a.m., RICHARDSON was riding his bicycle north on Towne Street when he observed WHITE standing handcuffed, face against the wall on the corner of 5th and Towne, surrounded by 8 to 10 officers. RICHARDSON immediately got off his bike and began videotaping the incident, as he often does to document police activity in his community. Officer GREEN walked up to RICHARDSON, ordered him to stop filming and asked for his identification.    When RICHARDSON asked why Officer GREEN needed his identification, RICHARDSON was informed that GREEN was going to write him a ticket for crossing on a don't walk sign. RICHARDSON informed GREEN that he wasn't walking, arrived on a bicycle and crossed on a green light. Nonetheless, RICHARDSON provided his identification to comply with GREEN's request, as he continued to film the arrest of WHITE. Officer GREEN passed RICHARDSON's identification card to Officer POPHAM, who then ran a warrant check. When RICHARDSON stated to POPHAM that it was illegal to run his name for warrants on an infraction stop, POPHAM became visibly angry and motioned to the other officers to come over to RICHARDSON.    About 30 seconds later, Officer POPHAM shouted to the other officers present that "he's got a felony warrant," which Officer POPHAM knew to be a false statement at the time that he made it.

8.    On the basis of Officer POPHAM's false statement, Officer RODRIGUEZ grabbed RICHARDSON's wrist and said, "I got your ass now," and starting twisting RICHARDSON's wrist and yelling, "stop resisting," which he knew to be a false statement when he made it. RICHARDSON, who has been

4

repeatedly arrested by the LAPD while documenting police activity in Skid Row, was not resisting. RICHARDSON was then handcuffed, searched, and thrown and pressed up against the wall. RICHARDSON was held in this position for well over 15 minutes. When Officer GREEN returned and walked RICHARDSON to a police car, he took off the handcuffs and told RICHARDSON to sign the ticket for crossing against a don't walk sign. RICHARDSON signed and asked about the felony warrant they claimed he had and GREEN replied, don't worry about it, you're free to go.

9.    WHITE was transported by the police to Central Division and then to 77th Division. At Central, he was left in the police car while a gaggle of 15 officers conferred outside the station as to the charges to file against him. Ultimately, WHITE was taken out of the police car and again forced up against the wall, this time of the police station. After some time passed, WHITE was asked for the first time to sign an infraction citation for a Vehicle Code violation for standing in the roadway. WHITE refused to do so and was booked for a misdemeanor violation of Vehicle Code sec. 40302(b): failure to sign a citation. In all, he was detained and held in custody for approximately 8 hours. The initial reason given for transporting WHITE to the station was "officer safety." In the entire time that WHITE was detained at 5th and Towne and then transported to the station, he was never asked to sign a citation.

10.    WHITE was booked and transported to the jail at the 77th Street police station. At approximately 5:30 PM, he was released on his own recognizance. Upon release, he was required to sign a Notice to Appear on February 29, 2008 for a misdemeanor Vehicle Code violation: 40302 (B) VC (failure to sign a citation). WHITE was not required to  sign the Notice to Appear on the original charge and never received a copy of the original citation. In recent days, as part of a continuing campaign to demonize LA CAN, LAPD command staffs have attempted to justify their actions by asserting publicly and falsely that WHITE and RICHARDSON had

1  to be arrested because they were "hostile" to the police, but "hostility" to the police,
2  even if true, is not a basis for arresting a person as it would violate the First
3  Amendment.

4        11.    Throughout the time that WHITE and RICHARDSON were detained
5  at 5th and Towne, several pedestrians arrived on the scene and remained throughout
6  the incident.  The only persons ordered to move, threatened with arrest, and/or
7  arrested were those members of LA CAN, who were documenting the police
8  activity with still cameras, video and phone cameras. This included Debra Burton,
9  who was standing at the curb, using her camera phone to document the arrest, and
10  Gerald Barnes, who was with WHITE when he was first detained and who then
11  began taking photos of WHITE's arrest after he was given WHITE's camera.  Both
12  were ordered to move and directed to stand in the roadway. Both moved only to the
13  curb, knowing from the past arrest of RICHARDSON that the police order LA CAN
14  staff and members to move to the street when they are documenting police activity
15  and then arrest them for "standing in the roadway."  Other pedestrians present on
16  February 1, 2008, who were not documenting the incident with cameras, were not
17  ordered to move and remained in place, approximately the same distance from the
18  police as the LA CAN members.      12.    The events of February 1, 2008 are not
19  an isolated experience. On January 18, 2008, RICHARDSON was videotaping an
20  incident involving 3 LAPD officers and 3 community residents when defendant
21  Sergeant ZUNIGA exited his patrol car, walked up to RICHARDSON and pushed
22  him in the chest, shouting "back up, get back."  At the time, RICHARDSON was
23  a considerable distance from the officers he was videotaping and was neither
24  interfering with the officers nor blocking the sidewalk.  RICHARDSON informed
25  Officer RODRIGUEZ, who was present, that he wanted to arrest Sgt. ZUNIGA for
26  striking him, but RODRIGUEZ refused to take RICHARDSON's complaint. This
27  was the third time that ZUNIGA had attacked RICHARDSON for videotaping
28  police activity on Skid Row.

13.     On February 5, 2008, RICHARDSON was walking north on Stanford and 1st Streets when he observed 4 police cars and 6 LAPD officers surrounding 2 homeless residents.  RICHARDSON stopped and started videotaping the incident when Officer RODRIGUEZ walked up to him and "keep walking or go back." When RICHARDSON asserted his right to film the police in a public place, Officer RODRIGUEZ demanded his identification and ran RICHARDSON's information for wants and warrants, as Office POPHAM had done just 4 days earlier.  When RODRIGUEZ approached RICHARDSON and ordered him to leave, RICHARDSON was about 20 feet from the officers surrounding the 2 homeless residents.

### PARTIES

**Plaintiffs:**

14.     CANGRESS, (dba "LA CAN") works to alert, empower and activate residents of the Central City East community, often referred to as Skid Row, around issues that effect their everyday lives.  Civic participation is inextricable to LA CAN's work of organizing and educating a community that is in great need of resources and positive change.  Armed with video and still photo cameras LA CAN launched Community Watch in November 2005 as an alternative private security presence in the community - one trained to ensure that civil and human rights violations against low-income residents of Skid Row by the Los Angeles Police Department and Business Improvement District (BID) security guards and others are stopped. LA CAN is concerned that its members, staff and supporters are being targeted by the LAPD for harassment, detention and arrest to deter, prevent and/or in retaliation for, the exercise of their First Amendment rights to document police activity on Skid Row.

15.     DARREN "PETE" WHITE is the director of LA CAN.  He was detained, handcuffed and arrested on February 1, 2008 for an alleged Vehicle Code infraction for being in the roadway at 5th & Towne as he was photographing LAPD

1   presence at a parole sweep at the St. Marks Hotel. He is concerned that he will be
2   subjected again to the same unlawful detention, handcuffing and arrest by LAPD
3   officers if he is observed photographing police activity on Skid Row.

4        16.    STEVE RICHARDSON is a staff member of LA CAN. He was
5   detained, handcuffed and cited on February 1, 2008 for allegedly walking across the
6   crosswalk on a red light when he stopped on his bicycle to videotape the arrest of
7   plaintiff WHITE. RICHARDSON has been the subject of repeated threats and
8   assaults by LAPD officers when he is engaged in videotaping police on Skid Row.

9

10  **Defendants:**

11       17.    Defendant CITY OF LOS ANGELES (hereinafter "CITY") is a
12  municipal entity, organized as a Charter City under the laws of the State of
13  California, with the capacity to sue and be sued. The CITY is the legal and political
14  governmental entity responsible for the actions of the Los Angeles Police
15  Department, its officials, agents, and employees. The CITY is sued in its own right,
16  and on the basis of the acts of its officials, agents, and employees.

17       18.    Defendant WILLIAM J. BRATTON is the Chief of Police of the Los
18  Angeles Police Department. He is the person responsible for ensuring that the
19  policies of the LAPD comport with the Constitution of the United States and the
20  Constitution of the State of California. BRATTON has failed to implement policies
21  and/or appropriate training for the LAPD's officers ensuring the First Amendment
22  right of persons to observe and document police activity in public places, without
23  being threatened, assaulted, detained and/or arrested. He is sued in his individual
24  and official capacities.

25       19.    Sergeant F. ZUNIGA, #25122, is a supervisor with the LAPD.
26  ZUNIGA responded to the scene of the detention and arrest of WHITE and
27  RICHARDSON on February 1, 2008 and directed the arrest and transport of
28  WHITE. On prior occasions, ZUNIGA has targeted, threatened and/or assaulted

1   RICHARDSON as he lawfully videotaped police activity in public places on Skid

2   Row. He is sued in his official and individual capacity.

3        20.    Sergeant STIGER is a supervisor with the LAPD who responded to the

4   scene of the detention and arrest of WHITE and RICHARDSON on February 1,

5   2008. STIGER directed, ratified and/or failed to intervene to prevent the arrest of

6   WHITE. He is sued in his official and individual capacity.

7        21.    Officer BHARADWAJA, #37722, is an officer with the LAPD. He is

8   the officer who grabbed WHITE's arm, pushed him forcibly to the wall, and

9   immediately placed him in handcuffs for a purported infraction vehicle code

10  violation of being "in the roadway." Officer BHARADWAJA was also one of the

11  officers who transported WHITE to Central Station. To the extent that he did not

12  initiate the arrest of WHITE and RICHARDSON, he failed to intervene to prevent

13  the violation of their rights. He is sued in his individual capacity.

14       22.    Officer HALTERMAN, #38045, is an officer with the LAPD. He was

15  one of the officers involved in the detention, arrest and/or transport of WHITE on

16  February 1, 2008. To the extent that he did not initiate the arrest of WHITE and

17  RICHARDSON, he failed to intervene to prevent the violation of their rights. He

18  is sued in his individual capacity.

19       23.    Officer POPHAM is an officer with the LAPD. He is one of the

20  officers involved in the detention and arrest of RICHARDSON on February 1,

21  2008. He was also present for the arrest of WHITE. To the extent that he did not

22  initiate the arrest of WHITE and RICHARDSON, he failed to intervene to prevent

23  the violation of their rights. He is sued in his individual capacity.

24       24.    Officer RIOJAS, #38063 is an officer with the LAPD. He is one of the

25  officers involved in the detention and arrest of RICHARDSON on February 1,

26  2008. He was also present for the arrest of WHITE. To the extent that he did not

27  initiate the arrest of WHITE and RICHARDSON, he failed to intervene to prevent

28  the violation of their rights. He is sued in his individual capacity.

25.     Officer FINNEGAN, #37826, is an officer with the LAPD. He is one of the officers involved in the detention and arrest of RICHARDSON on February 1, 2008. He was also present for the arrest of WHITE. To the extent that he did not initiate the arrest of WHITE and RICHARDSON, he failed to intervene to prevent the violation of their rights. He is sued in his individual capacity.

26.     Officer LANDRY is an officer with the LAPD. He is one of the officers involved in the detention and arrest of WHITE on February 1, 2008. He was also present for the detention and arrest of RICHARDSON at the same time. To the extent that he did not initiate the arrest of WHITE and RICHARDSON, he failed to intervene to prevent the violation of their rights. He is sued in his individual capacity.

27.     Officer VALENZUELA is an officer with the LAPD. He is one of the officers involved in the detention and arrest of WHITE on February 1, 2008. He was also present for the detention and arrest of RICHARDSON at the same time. To the extent that he did not initiate the arrest of WHITE and RICHARDSON, he failed to intervene to prevent the violation of their rights. He is sued in his individual capacity.

28.     Officer SUA is an officer with the LAPD. He is one of the officers involved in the detention and arrest of WHITE on February 1, 2008. He was also present for the detention and arrest of RICHARDSON at the same time.   To the extent that he did not initiate the arrest of WHITE and RICHARDSON, he failed to intervene to prevent the violation of their rights.  He is sued in his individual capacity.

29.     Officer GREEN is an officer with the LAPD. He is one of the officers involved in the detention and arrest of WHITE on February 1, 2008. He was also present for the detention and arrest of RICHARDSON at the same time.   To the extent that he did not initiate the arrest of WHITE and RICHARDSON, he failed to intervene to prevent the violation of their rights.  He is sued in his individual

1   capacity.

2        30.     Defendants DOE 1-10 are officers with the LAPD, who were involved
3   in the detention and/or arrest of plaintiffs.  Plaintiffs are ignorant of the true names
4   and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sue
5   these defendants by such fictitious names.  DOES 1-10 are sued on the basis that
6   one or more of the DOE defendants participated in and/or failed to prevent the
7   detention and arrest of plaintiffs while plaintiffs were engaged in lawful First
8   Amendment activity, and that one or more of the DOE defendants used force to
9   detain, handcuff and arrest the plaintiffs without probable cause.  Plaintiffs will
10  amend this complaint to allege the true names and capacities of each of the DOE
11  defendants as such information is ascertained.  Plaintiffs are informed and believe
12  and based thereon allege that defendants DOES 1-10 are responsible in some
13  manner for the damages and injuries the plaintiffs suffered.

**GENERAL ALLEGATIONS**

14
15       31.     Each of the acts complained of herein was taken, and each violation of
16  plaintiffs' rights occurred, pursuant to the policies, practices, or customs of the
17  LAPD.

18       32.     In doing each of the constitutional violations complained of herein,
19  defendants, their officials, agents, and employees were acting under color of law.

20       33.     Plaintiffs are informed and believe and on such basis allege that at all
21  times relevant to this action, each of the individual defendants, including DOES 1
22  through 10, were the agents, servants and/or employees of the defendant CITY, and
23  were acting all times within the scope of their agency and employment and with the
24  knowledge and consent of their principal and employer, the City of Los Angeles.

25       34.     The acts of defendants were done with malice toward plaintiffs based
26  on the fact that plaintiffs were documenting police activity in public places and was
27  done to deter or prevent plaintiffs from exercising their right to observe and monitor
28  police activity in public places.

# FIRST CAUSE OF ACTION

## FIRST AMENDMENT AND 42 U.S.C. § 1983;

## CALIF. CONSTITUTION, ART. I, sec. 2 and 3

### Violation of the Right of Speech, Assembly and Association

35.   Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

36.   The conduct of the defendants violates, and was taken to deter, prevent and/or in retaliation for, plaintiffs' exercise of their First Amendment rights to observe the police in public places and to collect information concerning the activity of government officials without suffering threats and arrests for doing so. Defendants' threats against plaintiffs, including employees and members of LA CAN other than the named individual plaintiffs, as well as the detention, handcuffing and arrest of LA CAN employees and members, violate the First Amendment rights of speech, assembly and association of LA CAN employees and members, as well as the rights of the individual named plaintiffs.

37.   As a direct result of defendants' unlawful conduct, plaintiffs have suffered violations of their First Amendment rights.  Plaintiffs have fear and apprehension that they will continue to be subject to defendants' unlawful efforts to deter, prevent and/or retaliate against plaintiffs' exercise of First Amendment protected activity documenting police activity on Skid Row from public fora.

38.   As a direct and proximate consequence of defendants' unlawful actions, plaintiffs have suffered damages, including loss of their constitutional rights, pain and suffering, humiliation and embarrassment.  Plaintiffs are entitled to compensatory damages and punitive damages against the individual defendants as permitted by law.

## SECOND CAUSE OF ACTION

## FOURTH AMENDMENT AND 42 U.S.C. § 1983;

## CALIF. CONSTITUTION, ART. I, sec. 7

### Violation of the Right to Be Free from Unreasonable Seizure

39.     Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

40.     The acts by defendants described above constitute violations of plaintiffs' right to be free from an unreasonable seizure as guaranteed by the Fourth Amendment to the U.S. Constitution.   Defendants seized and handcuffed the individual plaintiffs for infractions, without regard to the fact that no arrest was permitted for an infraction at the time that plaintiffs were seized and neither plaintiff presented any threat to the officers.   Each of the individual plaintiffs was also subjected to force inasmuch as their arms were twisted for the sole purpose of causing pain and they were similarly shoved against the concrete wall repeatedly for nothing more than alleged infraction.

41.     As a direct result of defendants' unlawful conduct, plaintiffs have suffered violations of their Fourth Amendment rights.   Plaintiffs have fear and apprehension that they will continue to be subject to violations of their Fourth Amendment rights as a result of defendants' unlawful efforts to deter and prevent plaintiffs from engaging in, or in retaliation for, First Amendment protected activity while standing in public fora and documenting police activity on Skid Row. Plaintiffs are entitled to compensatory damages and punitive damages against the individual defendants, as permitted by law.

42.     As a direct and proximate consequence of defendants' unlawful actions, plaintiffs have suffered damages, including loss of their constitutional rights, pain and suffering, humiliation and embarrassment.

### THIRD CAUSE OF ACTION
### INJUNCTIVE RELIEF

43.     Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

44.     Defendants have engaged in a course of unlawful conduct aimed at deterring and preventing plaintiffs from documenting police activity on Skid Row. As part of that unlawful course of conduct, defendants have repeatedly attempted to intimidate plaintiffs and ordered plaintiffs to move when they are lawfully on the sidewalk, photographing and/or videotaping police activity, and detained, cited and arrested plaintiffs when they have asserted their protected First Amendment rights.

45.     Plaintiffs want to continue documenting police activity in public places in the immediate future, but are fearful they will suffer repeated violations of their rights due to defendants' policies, practices or customs when they are on the streets of Skid Row.

46.     Plaintiffs have suffered irreparable harm and, absent extraordinary relief from this Court, will continue to suffer irreparable harm by being subjected to unwarranted and unlawful violations of their First and Fourth Amendment rights. Damages will not be an adequate remedy at law because damages cannot adequately compensate plaintiffs for the loss of their fundamental Constitutional rights. An actual controversy has now arisen and exists between plaintiffs and defendants regarding the challenged policies, practices or customs implemented and engaged in by defendants with respect to plaintiffs' documentation of police activity on Skid Row.  Plaintiffs contend that defendants are engaging in unconstitutional conduct in violation of the First and Fourth Amendments to the U.S. Constitution, in an apparent effort to harass and intimidate advocates for the homeless as defendants engage in a sweeping suppression effort to drive the homeless from Skid Row.

47.     Plaintiffs are informed and believe, and on that basis allege that defendants dispute these contentions and contend otherwise.

48.     Plaintiffs desire and request a judicial determination of their constitutional rights and the constitutional limitations of conduct by defendants, and specifically that plaintiffs' contentions regarding the First Amended protected nature of their activity, as set forth above, are correct.

49.     This declaration is necessary and appropriate at the present time in order to set at rest the constitutional rights and obligations of the parties.

## FOURTH CASE OF ACTION
## THREATS, INTIMIDATION OR COERCION
### (California Civil Code Section 52.1)

50.     Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

51.     The Defendants by their conduct interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of Plaintiffs rights as secured by the First and Fourth and Amendments to the United States Constitution and of the rights secured by the Constitution and laws of the state of California, including but not limited to California Constitution Art. I, sec. 2, 3 and 7 and California Civil Code §51.7.

52.     There was no lawful justification for defendants to threaten, intimidate or coerce any of the plaintiffs, or to attempt to use threats, intimidation or coercion to interfere with Plaintiffs' rights to be present at and document policy activity in public places in Skid Row.  Defendants' actions were taken with malice and oppression to deter and/or prevent plaintiffs' from exercising their protected First Amendment rights and in retaliation for the exercise of those rights.

53.     As a direct and proximate consequence of defendants' actions, plaintiffs suffered, and continue to suffer pain and suffering, humiliation and embarrassment and are entitled to injunctive relief and compensatory damages for injury to their person, and punitive damages against the individual defendants as permitted by law.

## FIFTH CAUSE OF ACTION
## FREEDOM FROM VIOLENCE OR INTIMIDATION
### (California Civil Code Section 51.7)

54.     Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

55.     Plaintiffs have a right to be free from violence or intimidation in the exercise of their protected rights. Defendants' actions violated plaintiffs' rights to be free from violence, or intimidation by threat of violence, committed against their person because of political affiliation with LA CAN, or because defendants perceived Plaintiffs to have a specific political affiliation.

56.     Defendants' unlawful actions were done willfully, maliciously, and with the specific intent to touch Plaintiffs without consent and cause them harm.

57.     As a direct and proximate consequence of Defendants' actions, plaintiffs suffered, and continue to suffer, pain and suffering, humiliation and embarrassment and are entitled to compensatory damages for injury to their person, as well as punitive damages against the individual defendants as permitted by law.

## SIXTH CAUSE OF ACTION
## ASSAULT AND BATTERY
### (By Plaintiffs WHITE and RICHARDSON against the Individual Officers)

58.     Plaintiffs reallege and incorporate herein by reference the allegations contained previously and subsequently in this Complaint.

59.     The actions of defendants in detaining plaintiffs with force, twisting their arms and shoving them against the concrete wall, constituted assault and/or battery as neither plaintiff consented to the actions of defendants. Each plaintiff was subjected to the use of force and threatened use of force and was put in fear that he would be subjected to assault and/or battery by the defendants, or their agents and employees.

60.     Defendants' unlawful actions were done willfully, maliciously, and

1   with the specific intent to touch plaintiffs without consent and cause them bodily
2   harm.
3       61.   As a direct and proximate consequence of defendants' actions,
4   plaintiffs suffered, and continue to suffer, pain and suffering, humiliation and
5   embarrassment and are entitled to compensatory damages for injury to their person,
6   as well as punitive damages against the individual defendants as permitted by law.

### SEVENTH CAUSE OF ACTION

### Failure to Intervene to Prevent Violation of Civil Rights

### (By Plaintiffs WHITE and RICHARDSON Against All Individual Defendants)

3       Plaintiffs reallege and incorporate herein by reference the allegations
contained previously and subsequently in this Complaint.

4       Each of the individual Defendants present at the events giving rise to
Plaintiffs' claims had a duty to intervene to prevent the violation of Plaintiffs' First
and Fourth Amendment rights and failed to exercise that duty.

5       As a direct and proximate consequence of Defendants' actions,
Plaintiffs suffered, and continue to suffer, physical injury, and pain and suffering,
and are entitled to compensatory damages for injury to their person, as well as
punitive damages as permitted by law.

### EIGHTH CAUSE OF ACTION

### FALSE IMPRISONMENT/FALSE ARREST

### (By Plaintiff WHITE AND RICHARDSON)

6       Plaintiffs reallege and incorporate herein by reference the allegations
contained previously and subsequently in this Complaint.

7       Defendants arrested Plaintiff without probable cause or lawful
justification. Plaintiffs WHITE and RICHARDSON were confined by defendants
against their will.

8.    As a direct and proximate consequence of defendants' actions, plaintiffs suffered, and/or continue to suffer, pain and suffering, humiliation and embarrassment and, therefore, are entitled to compensatory damages for injury to their person, as well as punitive damages against the individual defendants as permitted by law.

WHEREFORE, Plaintiffs pray for relief as follows:

1.    A temporary restraining order, enjoining defendants their officers, agents and employees from interfering with Plaintiffs' constitutionally protected rights under the First and Fourth Amendments;

2.    A preliminary and permanent injunction, enjoining defendants, their officers, agents and employees from interfering with plaintiffs' constitutionally protected rights under the First and Fourth Amendments;

3.    For a declaration that defendants' past, present and threatened future actions violate Plaintiffs' rights to speech, assembly and association under the First Amendment and to be free from unreasonable seizure under the Fourth Amendment.

4.    For costs of suit pursuant to 28 U.S.C. § 1920. 42 U.S.C. § 1988 and California Civil Code §§ 52.1(h) and 1021.5;

5.    For attorneys' fees pursuant to 42 U.S.C. § 1988, California Civil Code §§ 1021.5 and 52.1(h); and

6.    For other such relief as this Court deems just and proper.


DATED: February 20, 2008          Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL
LAW OFFICE OF REBECCA F. THORNTON


By: CAROL A. SOBEL
Attorneys for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as permitted by law.

Dated: February 21, 2008          Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL
LAW OFFICE OF REBECCA F. THORNTON

By: CAROL A. SOBEL
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV08- 1191 AHM (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ORIGINAL

Carol A. Sobel   SBN 84483
Law Office of Carol A. Sobel
429 Santa Monica Blvd., Ste. 550
Santa Monica, CA  90401
t. 310 393-3055   f. 310 393-3605
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANGRESS, a non-profit corporation, DARREN "PETE" WHITE, STEVE RICHARDSON, <br> PLAINTIFF(S) <br> v. <br> CITY OF LOS ANGELES,  a municipal entity, CHIEF WILLIAM BRATTON, <br> (continued on next page) <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV08-01191 AHM** <br><br><br> **SUMMONS** |

TO:      DEFENDANT(S):  City of Los Angeles, et al.,

A lawsuit has been filed against you.

Within   20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Carol A. Sobel , whose address is  429 Santa Monica Blvd., Ste. 550, Santa Monica, CA  90401 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: February 21, 2008

By: _Natalie Longmeir_

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

SGT. ZUNIGA, SGT. STIGER, OFFICER
BHARADWAJA, OFFICER HALTERMAN,
OFFICER POPHAM, OFFICER RIOJAS,
OFFICER FINNEGAN, OFFICER LANDRY,
OFFICER VALENZUELA, OFFICER SUA,
OFFICER GREEN and DOES 1-10, all in
their official and individual capacities

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> CANGRESS, a non-profit corporation, DARREN "PETE" WHITE, STEVE RICHARDSON | DEFENDANTS <br> CITY OF LOS ANGELES, a municipal entity, CHIEF WILLIAM BRATTON, SGTS. ZUNIGA and STIGER, OFFICERS BHARADWAJA, HALTERMAN, POPHAM, RIOJAS, et al. |
|---|---|
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): <br> Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): <br> Los Angeles |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> LAW OFFICE OF CAROL A. SOBEL <br> 429 Santa Monica Blvd., Ste 550 <br> Santa Monica, Ca. 90401 <br> t. 310 393-3055 | Attorneys (If Known) <br> Rockard Delgadillo, City Attorney <br> Cory Brente <br> 200 N. Main Street, 7th fl. <br> Los Angeles, CA 90012 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ *to be determined.*

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. sec. 1983: First and Fourth Amendment violations in response to plaintiffs photographing police activity on Skid Row

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty <br> ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment <br> ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent <br> ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs | ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☑ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?   ☑ No   ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (07/05)                           CIVIL COVER SHEET                  ☛ **CV08-01191**                  Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☐ No ☑ Yes

If yes, list case number(s): CV 06-08222 DPP; CV 03-01876 DPP

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
 ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
 ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
 ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

 Los Angeles

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

 Los Angeles

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

 Los Angeles

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   February 21, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |