CAROL A. SOBEL SBN 84483
LAW OFFICE OF CAROL A. SOBEL
429 Santa Monica Boulevard, Ste. 550
Santa Monica, California 90401
t. 310 393-3055   f. 310 393-3605
e. carolsobel@aol.com

REBECCA F. THORNTON SBN 231128
LAW OFFICE OF REBECCA F. THORNTON
429 Santa Monica Boulevard, Ste. 550
Santa Monica, California 90401
t. 310 393-3055   f. 310 393-3605
e. rebecca@humanrightsesq.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - Western Division

| | |
|---|---|
| CANGRESS, et al., | CASE NO: cv 08-01191 DDP (RZx) |
| Plaintiffs, | [PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER |
| v. | |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |

## DENIED
BY ORDER OF THE COURT

The Court has reviewed the Stipulated Protective Order submitted by the parties in this action. The parties, having met and conferred and stipulated to the following terms and conditions for the purposes of this case only, the Court hereby orders as follows:

1. Defendants (hereinafter "Disclosing Party(ies)") may designate as confidential any document or writing that they, in good faith, believe is protected from disclosure within the meaning of FRCivP 26(g), in that they believe the document contains confidential or private information. Such documents may be classified as subject to this protective order by marking each document or writing

with a watermark, such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of a similar effect, in a manner that does not obscure the text of the document from being read. Plaintiffs reserve their right to challenge the legibility of any documents and writings produced pursuant to the Protective Order. Documents and writings so designated, and all privileged information derived therefrom [hereinafter collectively referred to as "Confidential Information"], shall be treated in accordance with the terms of this Stipulation. In making this designation, the Disclosing Parties are also representing that no portion of the document is segregable and, therefore, subject to production without restriction as "confidential."

2. Confidential Information may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case, and for such other purposes as permitted by law.

3. Subject to the further conditions imposed by this Stipulation, Confidential Information may be disclosed only to the Court and the following persons:

(a) Counsel for the Receiving Parties, and to the plaintiffs, experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

(b) Witnesses, at deposition or in preparation for trial, may be allowed to review statements they personally authored, in accordance with Penal Code 832.7(b);

(c) Such other parties as may be agreed by written stipulation among the parties hereto.

4. Nothing in this Stipulation imposes any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also disclosed as Confidential Information in this action, or from disclosing its own Confidential Information as it deems

1  appropriate. If a dispute arises about the source of such material, Plaintiff shall have
2  the burden of proving, by clear and convincing evidence, that such material was
3  obtained from an independent source and not from Confidential Information.

4      5.    Prior to the disclosure of any Confidential Information to any person
5  described in paragraph 3(a) or 3(b), counsel for the Receiving Party who seeks to use
6  or disclose such Confidential Information shall first provide a copy of this Stipulation
7  and "have the individual to whom the Receiving Party intends to disclose said
8  "Confidential Information" sign a nondisclosure agreement, stating that the person
9  has received and read a copy of the Stipulation and understands that s/he is bound by
10 the terms of the Stipulation in substantially the form set forth below:

12     "I understand that I am being given access to Confidential Information
13     pursuant to the foregoing Stipulation and Order. I have read the
14     Stipulation and Order and agree to be bound by its terms with respect
15     to the handling, use, and disclosure of such Confidential Information."

17     I also consent to the jurisdiction of the United States District Court for
18     the Central District of California with respect to any proceeding relating
19     to the enforcement of this Stipulation and Order."

21 Dated: _____  Signed: _____

23 Counsel for the Receiving Party shall maintain all signed acknowledgments of
24 receipt of the Stipulation and shall produce the original signature page upon
25 reasonable written notice from opposing counsel. If an issue arises regarding a
26 purported unauthorized disclosure of Confidential Information, upon noticed motion
27 of contempt filed by the Disclosing Parties, counsel for the Receiving Party may be
28 required to file the signed acknowledgment of the receipt and review of the

1  Stipulation, as well as a list of the disclosed documents, in camera with the Court
2  having jurisdiction of the Stipulation. The receiving party may not be required to
3  produce any documents that would reveal the identity of the persons given
4  Confidential Information pursuant to this protective order except upon an order of the
5  Court.

6      6.    Immediately upon final termination of this litigation, including any
7  appeal pertaining thereto and monitoring of an injunction, if any, entered by the
8  District Court, all documents still classified as Confidential Information at that time,
9  and all copies thereof, including copies provided to any qualified person in paragraph
10  2 herein above, shall be returned to the Disclosing Party.

11      7.    If any Receiving Party who receives Confidential Information is served
12  with a subpoena or other request seeking Confidential Information, s/he or it shall
13  immediately give written notice to counsel for the Disclosing Parties, identifying the
14  Confidential Information sought and the time in which production or other disclosure
15  is required. Such notice shall be given sufficiently in advance of the date for
16  production or other disclosure so that the Disclosing Parties have the opportunity to
17  obtain an order barring production or other disclosure, or to otherwise respond to the
18  subpoena or other request for production or disclosure of Confidential Information.
19  Production or disclosure should not be made without prior written approval by the
20  Disclosing Party's Counsel unless required by the subpoena power of another court
21  or becomes necessary as a result of the receipt of third party discovery requests in
22  another case. This stipulation does not limit the subpoena power of another court or
23  the rights of third parties to conduct discovery.

24      8.    The court reporter, videographer, and audiographer, if any, who record
25  all or part of the depositions in this matter of Defendants City of Los Angeles, or any
26  other current or former employee of the Los Angeles Police Department shall be
27  subject to this Order. In preparing the original deposition videotape, audiotape, or
28  portions thereof, any copies thereof, or portions of copies thereof, all documents

designated as "Confidential Information," and all testimony involving information derived from such "Confidential" documents shall be segregated from the rest of the deposition. No copies of such segregated "Confidential Information" portions of the materials described above shall be provided to any persons other than the individuals listed in paragraph 3, above. A deponent may also review any "Confidential Information" attached to the deponent's deposition transcript. Nothing in this agreement is intended to limit the rights of third parties to obtain such Confidential Information through discovery and subpoena power in other proceedings, subject to a reasonable opportunity for the party seeking to prevent disclosure of the Confidential Information to file and have heard a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the Confidential Information.

9. If any "Confidential Information" documents or testimony derived from such documents occurs at a deposition, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or entity who has not agreed to the protective order and signed the nondisclosure agreement, in any manner, including orally, any statements made by Defendants City of Los Angeles, or any other current or former employee of the Los Angeles Police Department during the "Confidential" sections of said depositions.

10. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain or incorporate Confidential Information shall be filed and maintained under Local Rule 79-5, which governs the filing of documents under seal. Any other pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions that refer but do not contain or incorporate Confidential Information, shall designate the particular aspects that are confidential so as to enable the Court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain

protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information, under seal and that the application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. Counsel for the parties agree to request that any motions, applications or other pre-trial proceedings which would entail the disclosure of Confidential Information be heard by the Court outside the presence of the jury, unless having heard opposition from counsel to such a process, the court orders otherwise. During trial or other court proceedings, any protective measures relating to confidential information should be taken up with the judicial officer conducting the particular proceeding at the appropriate time.

12. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence on grounds including, but not limited to, relevance and privilege.

13. The party designating information, documents, materials, or items as confidential bears the burden of establishing the confidentiality. At any time after receipt of documents labeled as Confidential lnformation, the Receiving Parties may provide the Disclosing Parties with a written objection to the classification of specific documents as prohibited from disclosure under this protective order and the basis for the Receiving Parties' objection. The Disclosing Party shall, within 30 days of receipt of the written notice, advise the counsel for the Receiving Parties whether the Disclosing Party intends to seek an order from the Court retaining the documents within the Protective Order. The counsel for the Receiving Parties must, upon receipt of such written notice, continue to treat the documents as Confidential Information until such time as the Court issues a ruling on the Disclosing Parties motion to maintain the confidentiality of said documents. Notwithstanding the foregoing, any party bound by this Stipulation who contests the confidential nature of documents

produced pursuant to this Stipulation may move the Court for an order to have the documents removed from the protective order and to have the documents declared not confidential, or otherwise move to modify the Stipulation as to some or all of the documents. These procedures are in addition to, and not in lieu of compliance with Local Rule 37-1, et seq. relating to discovery motions.

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15. Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Denied. Assuming that the parties have established good cause for the entry of a protective order by virtue of the nature of the action, nevertheless this Order is too broad. It gives to the parties the ability to decide what is confidential, without any description of the kinds of documents, or categories of documents, fall within the designation. The only restriction is the gentle advice that the designating party must act in good faith. That would be assumed in any event. A court order is not a rubber stamp, or a ceding of authority to the parties to protect anything they want to protect. The order must have greater specificity so that, if ever necessary, it could be enforced.

The parties may proceed in the manner they have described without court order, however. Rule 29 allows the parties to do so, provided, of course, that they not thereby affect court deadlines.

Dated: July 20, 2010                    _____
                                         Magistrate Judge of the District Court

1  Lodged by:

2

3  Law Office of Carol A. Sobel

4  Law Office of Rebecca F. Thornton

5

6  _____/S/_____

7  By: CAROL A. SOBEL

8  Attorneys for Plaintiffs

# CERTIFICATION OF SERVICE

The undersigned certifies that the foregoing document has been served upon all counsel of record this date through the Electronic Court Filing ("ECF") system.

Dated: July 13, 2010         /s/
                             CAROL A. SOBEL