1  CAROL A. SOBEL, State Bar No. 84483
   LAW OFFICES OF CAROL A. SOBEL
2  429 Santa Monica Boulevard, Suite 550
   Santa Monica, California 90401
3  (310) 393-3055; FAX 393-3605

4  REBECCA F. THORNTON, State Bar No. 231128
   LAW OFFICE OF REBECCA F. THORNTON
5  429 Santa Monica Boulevard, Suite 550
   Santa Monica, California 90401
6  (310) 393-3055; FAX 393-3605

7  Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANGRESS, et al., | CASE NO. cv 08-01191 DDP (RZx) |
| Plaintiffs, | STIPULATED REQUEST TO MODIFY THE ORDER DENYING THE PROPOSED PROTECTIVE ORDER ENTER A REVISED PROPOSED PROTECTIVE ORDER |
| vs. | |
| CITY OF LOS ANGELES, a municipal corporation, et al., | DATE: TBD |
| Defendants. | TIME: 10:00 A.M. |
| | CTRM: 3 |
| | DISCOVERY CUT-OFF: Aug. 27, 2010 |
| | PRE-TRIAL CONF.: Jan. 10, 2011 |
| | TRIAL: Jan. 18, 2011 |

REQUEST TO MODIFY ORDER DENYING STIPULATED PROTECTIVE ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Civil Procedure and Local Rule 72(a), the parties to the above-captioned action hereby file a Stipulated Request to the Court to modify the Order of Denial of a Stipulated Protective Order entered by the Court on July 21, 2010 and enter the revised proposed protective order filed concurrently with this Request.

The basis of the Court's ruling earlier ruling was that the proposed protective order was too broad and not sufficiently specific as to the documents to be designated as "Confidential" and subject to the protective order.  The parties propose two revisions to address the Court's concerns.

First, paragraph 1 has been revised to limit the protective order to the following categories of documents  "administrative investigations, including internal affairs investigations; personnel files; medical records; financial information; private third party information; and other documents containing personal data identifiers that are not otherwise redactable."  *See e.g., Broman v. Does 1 Through 20*, 2010 U.S. Dist. LEXIS 74973, *1 (C.D. Ca. 2010) SJO (Ssx).

Second, the parties have revised the protective order to include a "STATEMENT OF GOOD CAUSE."  "[G]ood cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the needs for confidentiality."  *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009) (internal citations and edits omitted).

In this instance, the need for confidentiality is substantial, as is the need for discovery.  Administrative investigations, such as internal affairs investigations, are considered confidential and may be subject to a "qualified privilege as official information"  upon proof.  *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995); *see also Miller v. Pancucci,* 141 F.R.D. 292, 300 (C.D. Cal. 1992), *Chism v. County of San Bernardino*, 159 F.R.D. 531, 533 (C.D. Cal. 1994).  Each of the

1  officer defendants also has a substantial privacy interest in his personnel files,
2  including any personal information contained in those files. *See e.g., Kelly v. City of*
3  *San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987). A protective order entered by the
4  Court serves the interests of both parties in fostering discovery while protecting the
5  privacy interests of parties and witnesses. *See e.g., Soto v. City of Concord*, 162
6  F.R.D. 603, 617 (N.D. Cal. 1995). Similarly, all other potential non-party witnesses
7  in the case have a substantial interest in having their private information and personal
8  data identifiers not made public to avoid harassment, annoyance and the risk of identity
9  theft.

10       Providing the information in the categories identified above subject to a
11  protective order guards the privacy rights of the officers and the privacy rights of any
12  other person in this case with respect to documents containing personnel information
13  and personal data identifiers. The information sought is almost universally deemed
14  private by the courts and documents containing personal identifiers are now subject to
15  mandatory "redaction" before filing in the public record pursuant to federal law. *See*
16  Federal Rules of Civil Procedure 5.2.

17       Rule 5.2 was adopted in 2007 to comply with section 205(c)(3) of the E-
18  Government Act of 2002, Public Law 107-347. "The rule is derived from and
19  implements the policy adopted by the Judicial Conference in September 2001 to
20  address the privacy concerns resulting from public access to electronic case files."
21  U.S.C.S. Fed Rules Civ Proc R 5.2, *Notes of Advisory Committee on 2007*
22  *Amendment*. The presumption of privacy in the adoption of the redaction requirement
23  in this Rule does not limit the availability of protection for "personal data identifiers"
24  pursuant to a protective order. *Id.* As the Advisory Committee notes, information that
25  is not redacted may be made available to anyone with access to the Court's public files.
26  *Id.*

27       In addition to this proposed revision, the Court retains discretion regarding the
28  asserted confidentiality of any other documents since the party seeking to designate a

1  a document as "Confidential" bears the burden of establishing to the Court's
2  satisfaction that the document is properly so classified when the party opposing
3  confidentiality provides notice of an objection. There is no language in the proposed
4  protective order that suggests otherwise. *Broman, supra,* 2010 U.S. Dist. LEXIS
5  74973, at *2 (C.D. Ca. 2010) SJO (Ssx) (rejecting language designating documents
6  as "Confidential-subject to Court Order).

Respectfully submitted,

Dated: August 4, 2010

LAW OFFICE OF CAROL A. SOBEL
LAW OFFICE OF REBECCA F. THORNTON

By: CAROL A. SOBEL
Attorneys for Plaintiffs

Dated: August 4, 2010

CARMEN A. TRUTANICH, City Attorney
CORY M. BRENTE, Assistant City Attorney
COLLEEN R. SMITH, Deputy City Attorney

By: COLLEEN R. SMITH
Attorneys for Defendants City of Los Angeles et al.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Notice of Motion was served this date upon all counsel of record in this matter through the Court's electronic case filing system.

Dated: August 3, 2010                              /s/
                                                    CAROL A. SOBEL